KOLLER LAW PC
David M. Koller, Esquire (90119)
2043 Locust Street, Suite 1B                    *Attorney for Plaintiff*
Philadelphia, PA 19103
(T) 215-545-8917
(F) 215-575-0826

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERESA BAPTISTE** | : | |
| **Plaintiff,** | : | **Civil Action No.** |
| | : | |
| **v.** | : | |
| | : | **Complaint and** |
| **AQUA AMERICA, INC.** | : | **Jury Demanded** |
| **Defendant.** | : | |
| | : | |

### PLAINTIFF'S COMPLAINT

Plaintiff, Teresa Baptiste (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby brings this action against Defendant, Aqua America, Inc. (hereinafter "Defendant" or "Aqua"), for discrimination and retaliation, which occurred while Vanguard employed her.  In support thereof, Plaintiff avers the following:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual domiciled in Philadelphia, Pennsylvania.

3. Plaintiff is a member of a protected class in that her race is African American.

4. Upon information and belief, Defendant is a Pennsylvania corporation headquartered at 762 West Lancaster Avenue, Bryn Mawr, PA 19010.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and

practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

7. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

8. The Court may properly maintain personal jurisdiction over Defendant because of Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction such that it complies with the traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

9. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

10. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

11. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and/or regularly conducts business in this judicial district and because all of the acts and/or omissions giving rise to

the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

13. Plaintiff exhausted her administrative remedies under Title VII, the ADEA and the Pennsylvania Human Relations Act (hereinafter referred to as the "PHRA"). See Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

14. On or about November 26, 2012, Plaintiff filed a timely written Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination against Defendant.

15. The Charge was assigned EEOC Charge No. 846-2013-02893 and was duly filed with the Pennsylvania Human Relations Commission ("PHRC").

16. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") dated April 15, 2015.  A true and correct copy of the Right to Sue is attached hereto as Exhibit "B".

17. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

18. Upon information and belief, the EEOC advised Defendant of Plaintiff's intent to file suit and, per the requirements of Title VII for resolution through conciliation, conference, or persuasion, attempted but failed to achieve a voluntary resolution of Plaintiff's claims of employment discrimination.

19. Plaintiff files the instant Complaint within ninety (90) days of her receipt of the Right to Sue in this matter.

20. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

21. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

22. Defendant hired Plaintiff on or around May 2009 in the position of Service Order Specialist ("SOS").

23. Plaintiff was treated differently than similarly situated comparators outside of her protected class.

24. By way of example, Quality Control Team Leader Linda Dean (Caucasian) more heavily scrutinized Plaintiff's work as compared to the work of Cathy M. (Last Name Unknown – Caucasian).

25. Plaintiff complained about the difference in treatment to her supervisor, Olivia Hawkins (African American).

26. Ms. Hawkins addressed the disparate treatment.

27. Subsequent to Plaintiff's aforementioned complaint, on or about October 4, 2012, Defendant disciplined Plaintiff for an alleged inability to perform satisfactorily.

28. Upon information and belief, Felisha Pickney (African American) and other African American employees were terminated and disciplined for reasons, including an alleged failure to perform, for which Caucasian employees such as Barbara LNU (Caucasian) and Mary Joe Weinberg (Caucasian)  were not terminated.

29. Defendant subjected Plaintiff and other African American employees to disparate treatment by holding African American employees to harsher standards than non-African American employees.

30. Plaintiff resigned effective January 12, 2015.

## COUNT I - DISCRIMINATION ON THE BASIS OF RACE
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

31. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

32. Plaintiff is a member of a protected class in that she is African American.

33. Plaintiff was qualified to perform the job in which she was employed: Sales Support Specialist.

34. Plaintiff suffered adverse job actions, including, but not limited to, harassment.

35. Defendant treated similarly situated people outside of Plaintiff's protected class more favorably than it treated Plaintiff.

36. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

37. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

38. The reasons cited by Defendant for the above-cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, infra.

## COUNT II – DISCRIMINATION ON THE BASIS OF RACE
## PENNSYLVANIA HUMAN RELATIONS ACT

39. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

40. Plaintiff is a member of a protected class in that she is African American.

41. Plaintiff was qualified to perform the job in which she was employed: Sales Support Specialist.

42. Plaintiff suffered adverse job actions, including, but not limited to, harassment.

43. Defendant treated similarly situated people outside of Plaintiff's protected class more favorably than it treated Plaintiff.

44. Circumstances exist relative to the above-cited adverse employment actions that give rise to an inference of discrimination.

45. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

46. The reasons cited by Defendant for the above-cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RACE DISCRIMINATION
### 42 U.S.C. § 1981

47. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

48. Defendant engaged in racially motivated discrimination.

49. Defendant's discrimination of Plaintiff because of race deprived Plaintiff of the same right to make and enforce contracts as is enjoyed by white citizens, in violation of Section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

50. Defendant's discrimination of Plaintiff was undertaken with reckless indifference to her federally protected right to make and enforce contracts irrespective of her race.

51. As a direct and proximate result of Defendant's discriminatory treatment, Plaintiff was terminated and has suffered the following injuries:

   a. Great mental anguish and emotional strain;

   b. Loss of income and benefits; and

   c. Humiliation and inconvenience.

6

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – RETALIATION
## 42 U.S.C. § 1981

52. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

53. Plaintiff complained to her immediate supervisor(s) and Defendant about race discrimination and how African American employees were treated worse than Caucasian employees.

54. Thereafter, Defendant took adverse employment actions against Plaintiff, including but not limited to ongoing harassment, isolation, discrimination, discipline, and constructive termination.

55. There exists a causal connection between Plaintiff's participation on the protected activity and the adverse employment actions complained of herein.

56. Defendant's discrimination of Plaintiff because of race deprived Plaintiff of the same right to make and enforce contracts as is enjoyed by white citizens, in violation of Section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

57. Defendant's discrimination of Plaintiff was undertaken with reckless indifference to her federally protected right to make and enforce contracts irrespective of her race.

58. As a direct and proximate result of Defendant's retaliatory treatment, Plaintiff was terminated and has suffered the following injuries:

    a.  Great mental anguish and emotional strain;

    b.  Loss of income and benefits; and

    c.  Humiliation and inconvenience.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

Complaint, *infra.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Teresa Baptiste, requests that the Court grant her the following

relief against Defendant:

(a) Damages for past and future monetary losses as a result of Defendant's unlawful discrimination and breaches;

(b) Compensatory damages;

(c) Punitive damages under Title VII and § 1981;

(d) Liquidated damages;

(e) Emotional pain and suffering under Title VII, the PHRA and § 1981;

(f) Reasonable attorneys' fees;

(g) Recoverable costs;

(h) Pre and post judgment interest;

(i) An allowance to compensate for negative tax consequences;

(j) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices, which discriminate in violation of Title VII and the PHRA.

(k) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in,  training  programs, policies, practices and programs which provide equal employment opportunities;

(l) Order Defendant to make Plaintiff whole by providing appropriate back-pay with prejudgment interest, in amounts to be proven at trial, reinstatement to their positions having compensation, responsibility, and duties, commensurate with their education, experience, and skills;

(m) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for their adverse actions, disciplines, and termination; and

(n) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,
KOLLER LAW, P.C.

Dated: July 16, 2015          By:

David M. Koller, Esquire
Counsel for Plaintiff