KOLLER LAW LLC
David M. Koller, Esquire (90119)
2043 Locust Street, Suite 1B                    *Attorney for Plaintiff*
Philadelphia, PA 19103
(T) 215-545-8917
(F) 215-575-0826

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERESA BAPTISTE** | : | |
| **Plaintiff,** | : | **No. 2:15-cv-03954-JCJ** |
| | : | |
| **v.** | : | |
| | : | **Amended Complaint and** |
| **AQUA AMERICA, INC.** | : | **Jury Demanded** |
| **Defendant.** | : | |
| | : | |

### PLAINTIFF'S AMENDED COMPLAINT

Plaintiff, Teresa Baptiste (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby files this Amended Complaint in her action against Defendant, Aqua America, Inc. (hereinafter "Defendant" or "Aqua"), for discrimination and retaliation, which occurred while Defendant employed her. In support thereof, Plaintiff avers the following:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraph as if set forth more fully at length herein.

2. Plaintiff is an adult individual domiciled in Philadelphia, Pennsylvania.

3. Plaintiff is a member of a protected class, in that her race is African-American.

4. Upon information and belief, Defendant is a Pennsylvania corporation headquartered at 762 West Lancaster Avenue, Bryn Mawr, PA 19010.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of

discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

7. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

8. The Court may properly maintain personal jurisdiction over Defendant because of Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction such that it complies with the traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

9. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

10. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

11. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and/or regularly conducts business in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth

2

herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

13. Plaintiff exhausted her administrative remedies under Title VII and the Pennsylvania Human Relations Act (hereinafter referred to as the "PHRA"). See Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

14. On or about November 26, 2012, Plaintiff filed a timely written Charge of Discrimination ("2012 Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination against Defendant.

15. The 2012 Charge was assigned EEOC Charge No. 846-2013-02893 and was duly filed with the Pennsylvania Human Relations Commission ("PHRC"). A true and correct copy of the 2012 Charge is attached hereto as Exhibit "A".

16. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("2012 Right to Sue") dated April 15, 2015. A true and correct copy of the 2012 Right to Sue is attached hereto as Exhibit "B".

17. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

18. Upon information and belief, the EEOC advised Defendant of Plaintiff's intent to file suit and, per the requirements of Title VII for resolution through conciliation, conference, or persuasion, attempted but failed to achieve a voluntary resolution of Plaintiff's claims of employment discrimination.

19. Plaintiff filed her initial Complaint within ninety (90) days of her receipt of the 2012 Right to Sue.

20. Subsequent to the filing of this lawsuit, Plaintiff filed a Charge of Discrimination ("2015 Charge") with the EEOC, alleging race discrimination against Defendant.

21. The 2015 Charge was assigned EEOC Charge No. 530-2015-02460 and was duly filed with the PHRC. A true and correct copy of the 2015 Charge is attached hereto as Exhibit "C".

22. Upon request, the EEOC issued Plaintiff a Dismissal and Notice of Rights ("2015 Right to Sue") dated August 21, 2015. A true and correct copy of the 2015 Right to Sue is attached hereto as Exhibit "D".

23. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

### The Disparate Treatment

24. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

25. Defendant hired Plaintiff in or around May 2009 in the position of Service Order Specialist ("SOS").

26. Plaintiff was treated differently than similarly situated comparators outside of her protected class.

27. Defendant subjected Plaintiff and other African American employees to disparate treatment by holding African American employees to harsher standards than non-African American employees.

28. Upon information and belief, when Caucasian employees were not able to keep up with their workloads, their workloads were lightened with the extra work being assigned to African-American Employees or those Caucasian employees were reassigned to positions with a lighter workload.

4

29. Upon information and belief, when African-American employees, including Plaintiff, were not able to keep up with their workloads, they were disciplined, written-up, and/or terminated.

30. By way of example, Quality Control Team Leader Linda Dean (Caucasian) more heavily scrutinized Plaintiff's work as compared to the work of Plaintiff's co-worker, Cathy M. (Last Name Unknown – Caucasian).

31. Upon information and belief, when Cathy M. was not keeping up with her workload, she was reassigned to a position that consisted of easier duties to perform.

32. When Plaintiff could not keep up with her workload, she was placed on a Performance Improvement Plan and reprimanded.

33. Upon information and belief, when Mary Joe Weinberg (Caucasian) could not keep up with her workload, Defendant transferred some of her work to Yvette Simpson (African-American). Both individuals were SOSs and Plaintiff's co-workers.

34. Upon information and belief, Ms. Weinberg was not reprimanded or disciplined for her failure to keep up with her work.

35. Upon information and belief, Barbara (Last Name Unknown – Caucasian), Plaintiff's co-worker, was transferred, but not reprimanded nor disciplined, when she could not keep up with her workload.

36. Plaintiff complained about the difference in treatment to her supervisor, Olivia Hawkins (African-American).

37. Ms. Hawkins addressed the disparate treatment which subsided for a short time.

38. Subsequent to Plaintiff's aforementioned complaint, on or about October 4, 2012, Defendant disciplined Plaintiff for an alleged inability to perform satisfactorily.

39. Plaintiff went out on sick leave from in or around October 2012 until in or around January 2013.

40. On or about November 26, 2012, Plaintiff filed the 2012 Charge.

41. In or around January 2013, the disparate treatment resumed.

42. Upon Plaintiff's return to work following a period of sick leave in January 2013, Plaintiff was placed on another Performance Improvement Plan.

43. Upon information and belief, Plaintiff, Felisha Pickney (African American) and other African-American employees were disciplined, reprimanded, and/or terminated for reasons, including an alleged failure to perform, for which Caucasian employees such as Barbara LNU (Caucasian) and Mary Joe Weinberg (Caucasian) were not terminated.

### The Work Environment

44. While Plaintiff was employed by Defendant, she was subjected to a hostile work environment.

45. By way of example, Ms. Dean would make inappropriate remarks about African-Americans, *inter alia*:

    a.    Remarks indicating surprise that African-American children could be respectful;

    b.    References to African-American women who are single mothers that work at Defendant and their inability to be able to afford things because of how poor they are.

46. Plaintiff complained about this behavior to Sue Broussard in Human Resources, to which Ms. Broussard responded that she knows that Ms. Dean can be annoying, but, upon information and belief, conducted no further investigation.

47. In or around 2013, Chris Franklin, CEO of Defendant, came to the location where Plaintiff worked and apologized to the office for the harassment and discrimination that some felt that they were being subjected to.

48. Plaintiff resigned effective January 12, 2015.

49. Plaintiff's resignation was a constructive discharge as the environment was so severe and pervasive that a reasonable person would conclude that the only way to end the harassment would be to end the employment relationship.

## COUNT I – DISPARATE TREATMENT ON THE BASIS OF RACE
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

50. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

51. Plaintiff is a member of a protected class in that she is African-American.

52. Plaintiff was qualified to perform the job in which she was employed: Service Order Specialist.

53. An employer is liable for acts committed by its employees in the scope of their employment, which may include some types of disparate treatment of employees by supervisors, such as discriminatory reprimands or job assignments. Cardenas v. Massey, 269 F.3d 251, 255 (3d Cir. 2001) (citing Faragher v. City of Boca Raton, 524 U.S. 775, 798-99 (1998)).

54. Plaintiff suffered adverse job actions, including, but not limited to, harassment, discriminatory reprimands, and discriminatory job assignments.

55. Defendant treated similarly situated people outside of Plaintiff's protected class more favorably than it treated Plaintiff and others within Plaintiff's protected class.

56. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

57. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment

actions that Plaintiff suffered.

58. The reasons cited by Defendant for the above-cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

59. As a result of the harassment and increased workload, Plaintiff suffered increased stress which manifested in higher blood pressure, requiring medication.

60. Upon information and belief, the harassment and discriminatory job assignments continued until Plaintiff could no longer endure it and she believed that the only way to end the harassment was to resign.

61. Plaintiff resigned on or about January 12, 2015.

62. Plaintiff's resignation was a constructive discharge.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISPARATE TREATMENT ON THE BASIS OF RACE
## PENNSYLVANIA HUMAN RELATIONS ACT

63. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

64. Plaintiff is a member of a protected class in that she is African-American.

65. Plaintiff was qualified to perform the job in which she was employed: Service Order Specialist.

66. An employer is liable for acts committed by its employees in the scope of their employment, which may include some types of disparate treatment of employees by supervisors, such as discriminatory reprimands or job assignments. Cardenas v. Massey, 269 F.3d 251, 255 (3d Cir. 2001) (*citing* Faragher v. City of Boca Raton, 524 U.S. 775, 798-99 (1998)).

67. Plaintiff suffered adverse job actions, including, but not limited to, harassment, discriminatory reprimands, and discriminatory job assignments.

8

68. Defendant treated similarly situated people outside of Plaintiff's protected class more favorably than it treated Plaintiff and others within Plaintiff's protected class.

69. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

70. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

71. The reasons cited by Defendant for the above-cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

72. As a result of the harassment and increased workload, Plaintiff suffered increased stress which manifested in higher blood pressure, requiring medication.

73. Upon information and belief, the harassment and discriminatory job assignments continued until Plaintiff could no longer endure it and she believed that the only way to end the harassment was to resign.

74. Plaintiff resigned on or about January 12, 2015.

75. Plaintiff's resignation was a constructive discharge.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT III – HOSTILE WORK ENVIRONMENT ON THE BASIS OF RACE
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

76. Plaintiff incorporates the preceding paragraphs as if set forth at length herein.

77. Plaintiff was subjected to a hostile work environment while employed by Defendant.

78. By way of example, Ms. Dean made racially offensive remarks to Plaintiff and to others within Plaintiff's protected class.

79. By way of further example, Plaintiff and others within Plaintiff's protected class were

given the burden of performing the tasks that Defendant transferred from Caucasian employees to Plaintiff and others within Plaintiff's protected class.

80. Upon information and belief, Defendant transferred this work to ease the workload of Caucasian employees when they could not keep up with their workload.

81. Upon information and belief, whenever African-American employees, including Plaintiff, could not keep up with their workload, they were disciplined, reprimanded, and/or terminated.

82. Plaintiff complained of the above treatment to Defendant's Human Resources Department.

83. Despite actual or constructive knowledge of the harassment and disparate impact, Defendant, upon information and belief, did not act in order to correct the discriminatory acts of its employees.

84. Defendant is vicariously liable for the actions of its employees.

85. As a result of the harassment and increased workload, Plaintiff suffered increased stress which manifested in higher blood pressure, requiring medication.

86. Upon information and belief, the harassment and discriminatory job assignments continued until Plaintiff could no longer endure it and she believed that the only way to end the harassment was to resign.

87. Plaintiff resigned on or about January 12, 2015.

88. Plaintiff's resignation was a constructive discharge.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – HOSTILE WORK ENVIRONMENT ON THE BASIS OF RACE
## PENNSYLVANIA HUMAN RELATIONS ACT

89. Plaintiff incorporates the preceding paragraphs as if set forth at length herein.

10

90. Plaintiff was subjected to a hostile work environment while employed by Defendant.

91. By way of example, Ms. Dean made racially offensive remarks to Plaintiff and to others within Plaintiff's protected class.

92. By way of further example, Plaintiff and others within Plaintiff's protected class were given the burden of performing the tasks that Defendant transferred from Caucasian employees to Plaintiff and others within Plaintiff's protected class.

93. Upon information and belief, Defendant transferred this work to ease the workload of Caucasian employees when they could not keep up with their workload.

94. Upon information and belief, whenever African-American employees, including Plaintiff, could not keep up with their workload, they were disciplined, reprimanded, and/or terminated.

95. Plaintiff complained of the above treatment to Defendant's Human Resources Department.

96. Despite actual or constructive knowledge of the harassment and disparate impact, Defendant, upon information and belief, did not act in order to correct the discriminatory acts of its employees.

97. Defendant is vicariously liable for the actions of its employees.

98. As a result of the harassment and increased workload, Plaintiff suffered increased stress which manifested in higher blood pressure, requiring medication.

99. Upon information and belief, the harassment and discriminatory job assignments continued until Plaintiff could no longer endure it and she believed that the only way to end the harassment was to resign.

100. Plaintiff resigned on or about January 12, 2015.

101. Plaintiff's resignation was a constructive discharge.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT V – RACE DISCRIMINATION**
**42 U.S.C. § 1981**

102. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

103. Defendant engaged in racially motivated discrimination.

104. Defendant's discrimination of Plaintiff because of race deprived Plaintiff of the same right to make and enforce contracts as is enjoyed by white citizens, in violation of Section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

105. Defendant's discrimination of Plaintiff was undertaken with reckless indifference to her federally protected right to make and enforce contracts irrespective of her race.

106. As a direct and proximate result of Defendant's discriminatory treatment, Plaintiff was terminated and has suffered, *inter alia*, the following injuries:

      a.   Great mental anguish and emotional strain;

      b.   Loss of income and benefits; and

      c.   Humiliation and inconvenience.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VI – RETALIATION**
**42 U.S.C. § 1981**

107. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

108. Plaintiff complained to her immediate supervisor(s) and Defendant about race discrimination and how African-American employees were treated worse than Caucasian employees.

12

109. Thereafter, Defendant took adverse employment actions against Plaintiff, including but not limited to ongoing harassment, isolation, discrimination, discipline, and constructive termination.

110. There exists a causal connection between Plaintiff's participation on the protected activity and the adverse employment actions complained of herein.

111. Defendant's discrimination of Plaintiff because of race deprived Plaintiff of the same right to make and enforce contracts as is enjoyed by white citizens, in violation of Section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

112. Defendant's discrimination of Plaintiff was undertaken with reckless indifference to her federally protected right to make and enforce contracts irrespective of her race.

113. As a direct and proximate result of Defendant's retaliatory treatment, Plaintiff was terminated and has suffered, *inter alia*, the following injuries:

      a.   Great mental anguish and emotional strain;

      b.   Loss of income and benefits; and

      c.   Humiliation and inconvenience.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Teresa Baptiste, requests that the Court grant her the following relief against Defendant, Aqua America, Inc.:

(a) Damages for past and future monetary losses as a result of Defendant's unlawful discrimination and breaches;

(b) Compensatory damages;

(c) Punitive damages (where applicable);

(d) Liquidated damages (where applicable);

(e) Emotional pain and suffering;

(f) Reasonable attorneys' fees;

(g) Recoverable costs;

(h) Pre and post judgment interest;

(i) An allowance to compensate for negative tax consequences;

(j) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices, which discriminate in violation of Title VII and the PHRA.

(k) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(l) Order Defendant to make Plaintiff whole by providing appropriate back-pay with prejudgment interest, in amounts to be proven at trial, reinstatement to their positions having compensation, responsibility, and duties, commensurate with their education, experience, and skills;

(m) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for their adverse actions, disciplines, and termination; and

(n) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## **JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,
KOLLER LAW LLC

Dated:                         **By:**

David M. Koller, Esquire
*Attorney for Plaintiff*

# Exhibit A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | FEPA | |
| | X EEOC | 846-2013-02893 |

| Pennsylvania Human Relations Commission | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Teresa Baptiste | (267) 307-7626 | 05-20-1962 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 3002 Kent Road, Folcroft, PA 19032 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| AQUA AMERICA, INC. | 500 or More | (610) 525-1400 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 762 West Lancaster Avenue, Bryn Mawr, PA 19010 | | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 05-15-2012   Latest 05-15-2012

X RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was hired by the above named Respondent in or about May 2009, as a Service Order Specialist ("SOS"). I currently hold that position. I believe that Blacks are held to different standards than whites. For example, Linda Dean (White), Quality Control, is a Team Leader that reviews my work and Cathy M. (White). However, Ms. Dean only reviews a small portion of Cathy's. I complained to my supervisor, Olivia Hawkins (Black) and she fixed this. I am aware that Cathy could not keep up with the workload and she was placed on mail and now handles reports. These are easier duties to perform. I am also aware that Mary Joe Weinberg (white), SOS, could not keep up with her workload. Her work was given to Yvette Simpson (Black.) To my knowledge, Mary Joe was not written up. I am also aware that Barbara LNU (white), SOS, could not keep up with her workload and she was placed in another department. However, if Blacks can't keep up or have trouble performing they are disciplined and/or terminated. On or about October 4, 2012, I was disciplined because Respondent alleged that I wasn't performing. I am aware that Felisha Pickney (Black) was terminated because she couldn't perform.

II. I questioned Mr. Hawkins why Blacks were held to different standards and she never gave me an answer.

III. I believe I have been discriminated against because of my race (Black), in violation of Title VII of the Civil Rights Act of 1964, as amended, in that Respondent holds me and other Blacks to different standards than Whites.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Nov 26, 2012          Teresa Baptiste | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date          Charging Party Signature | |

# Exhibit B

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Teresa Baptiste**
    **4507 Ludlow Street**
    **Philadelphia, PA 19139**

From:   **Cleveland Field Office**
        **EEOC, AJC Fed Bldg**
        **1240 E 9th St, Ste 3001**
        **Cleveland, OH 44199**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **846-2013-02893** | **Sabrina R. Shifman,** **Senior Investigator** | **(216) 522-7680** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**[X]** More than 180 days have passed since the filing of this charge.

**[ ]** Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

**[X]** The EEOC is terminating its processing of this charge.

**[ ]** The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

**[ ]** The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

**[ ]** The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Cheryl Mabry-Thomas,*
Director

APR 1 5 2015

*(Date Mailed)*

Enclosures(s)

cc:   Kristine Grady Derewicz, Attorney at Law
      Littler Mendelson, P.C.
      Three Parkway
      1601 Cherry Street, Suite 1400
      Philadelphia, PA 19102-1321

David Koller, Attorney at Law
Koller Law PC
2043 Locust Street, Suite 1B
Philadelphia, PA 19103

# Exhibit C

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **530-2015-02460** |

| Pennsylvania Human Relations Commission | | and EEOC |
|---|---|---|
| *State or local Agency, if any* | | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Teresa Baptiste** | **(267) 307-7626** | **05-20-1962** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **4507 Ludlow Street, Philadelphia, PA 19139** | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **AQUA AMERICA, INC.** | **500 or More** | **(610) 525-1400** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **762 West Lancaster Avenue, Bryn Mawr, PA 19010** | | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **06-20-2014**   Latest **01-12-2015**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.   I was hired by the above named Respondent on or about May 9, 2009, as a Service Order Specialist. My last held position was Admin I.   During the course of my employment I filed charges of employment discrimination with the EEOC (530-2010-01904 & 846-2013-02893) against Respondent. My charge 846-2013-02893 dealt with racial harassment. The harassment continued until I could no longer endure it and I was constructively discharged ~~resigned~~ on or about January 12, 2015.

II.   I believe I have been discriminated against because of my race (Black), in violation of Title VII of the Civil Rights Act of 1964, as amended, in that Respondent failed to stop the harassment and left me with no option but to resign.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

**7/28/2015**   *Teresa Baptiste*
Date   *Charging Party Signature*

Revised 11/00

## Information For Complainants & Election Options
## To Dual File With The
## Pennsylvania Human Relations Commission

_Teresa Baptiste_ vs _Aqua America_

EEOC No. _530-2015-08460_

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHCR) under the Pennsylvania Human Relations Act. Filing your charge with the PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in manner which could affect the outcome of your case.

Complaints filed with PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charged files with PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC

Since you have chosen to file you charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year of filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.

### [Sign and date appropriate request below]

I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

_I understand that false statements in this complaint are made subject to the penalties of 18 Pa.C.S. §4909, relating to unsworn falsification to authorities._

_Terra Baptist_   7/28/2015
Signature and Date

_I do not want my charge dual filed with PHRC._

Signature and Date

# Exhibit D

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Teresa Baptiste<br>4507 Ludlow Street<br>Philadelphia, PA 19139 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2015-02460** | **Legal Unit** | **(215) 440-2828** |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| | |
|---|---|
| | More than 180 days have passed since the filing of this charge. |
| **X** | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| **X** | The EEOC is terminating its processing of this charge. |
| | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| | |
|---|---|
| | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost. |
| | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____

**Spencer H. Lewis, Jr.,**
**District Director**

8/21/15
*(Date Mailed)*

Enclosures(s)

cc:   Sue Brossard
      Human Resources Manager
      AQUA AMERICA
      762 West Lancaster Avenue
      Bryn Mawr, PA 19010